## Commonwealth v. Burgess.

*Violation of liquor laws—Costs—Arrest by city detective outside of the city.*

Where a city detective exceeds his authority by making an arrest outside of the city, and on the trial of the defendant he is acquitted and the costs put on the detective as prosecutor, he should not be relieved by the court from their payment.

Rule to strike off imposition of costs on Howard Anderson. Q. S. Lancaster Co., April Sess., 1924, No. 19.

*S. V. Hosterman*, Assistant District Attorney, for Commonwealth.

*Harry L. Raub, Jr.*, for petition; *J. Andrew Frantz*, contra.

*Charles W. Eaby*, for defendant.

LANDIS, P. J., June 27, 1925.—This case was tried before the Hon. A. B. Hassler, and a verdict was rendered by the jury finding the defendant not guilty and imposing the costs upon Howard Anderson, a city detective. The same rule applies to him as an officer, when within his jurisdiction, as applies to constables and state policemen.

The evidence shows that, on the night of Jan. 25, 1924, in pursuance of information that came to Howard Anderson and a Mr. Parmer, a city policeman, they went down the Willow Street Pike, outside the city, and waited for a Cadillac touring-car. A car of this kind came up the Beaver Valley Pike, also some miles outside the city, and was stopped by them, and fourteen five-gallon cans of alcohol, analyzed at 48½ per cent. alcoholic content, were found upon it. It was testified that Arthur Brodis drove the car, and that the defendant jumped off and ran away, but was afterwards arrested. It was not shown that either of these policemen had a warrant for the arrest of anybody. How they could have obtained such a warrant, even if they had one, has not been suggested. These men were city officials, and they were certainly clothed with no authority to make arrests, outside the city, in the county. When they attempted to exercise such authority, they did it at their own risk. Under the circumstances, we see no reason why the prosecutor should be relieved from the payment of these costs.

Taking the record as it appears before us, we are of the opinion that this rule should be discharged.

Rule discharged.          From George Ross Eshleman, Lancaster Pa.